THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL CUNNINGHAM,<br><br>    Petitioner,<br><br>    v.<br><br>JEFFREY UTTECHT,<br><br>    Respondent. | CASE NO. C12-2278-JCC<br><br>ORDER DENYING WRIT OF HABEAS CORPUS |

This matter comes before the Court on Petitioner Daniel Cunningham's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Dkt. No. 8), the Report and Recommendation ("R&R") of the Honorable James P. Donohue, United States Magistrate Judge (Dkt. No. 22), and the Petitioner's objections thereto (Dkt. No. 23). Having thoroughly considered the R&R, Petitioner's objections, and the balance of the record, the Court hereby ADOPTS the R&R for the reasons explained herein.

**I.   BACKGROUND**

Petitioner Daniel Cunningham is currently incarcerated at the Coyote Ridge Corrections Center in Connell, Washington. (Dkt. No 1, Ex. 2 at 1.) After a jury trial, Mr. Cunningham was convicted of one count of first-degree robbery with a deadly weapon and was sentenced to 126 months in prison. (*Id*. at 4.) The sentence included a mandatory deadly weapon enhancement. (*Id*.) Because the parties are familiar with the facts of this case, which are set out in Judge

Donohue's R&R, the Court does not include them here. (*See* Dkt. No. 22 at 2–5.)

Mr. Cunningham appealed his conviction. (Dkt. No. 19, Ex. 3.) On appeal, Mr. Cunningham, represented by counsel, made two arguments:

1. The trial court erred when it denied a defense motion for mistrial after jurors declared themselves deadlocked.
2. The trial court improperly influenced deliberations when it told deadlocked jurors the inability to reach a decision created a dilemma and it might be necessary to seat an alternate juror to participate in deliberations if they did not reach a verdict that afternoon.

(*Id*. at 1.) Defense counsel did not argue that either of these errors implicated the federal Constitution. (*Id.*) The Washington Court of Appeals affirmed Mr. Cunningham's conviction on February 28, 2011. (Dkt. No. 19, Ex. 2.) Mr. Cunningham's *pro se* motions for reconsideration before the appellate court were denied (Dkt. No. 19, Ex. 8), as was his petition for discretionary review before the Washington Supreme Court. (Dkt. No. 19, Ex. 10.) Although Mr. Cunningham mentioned the federal Constitution in a supplemental motion for reconsideration, he did not refer to it in his petition for review before the Washington Supreme Court. On October 5, 2011, the Washington Court of Appeals finalized Mr. Cunningham's conviction by mandating the case back to the Superior Court. (Dkt. No. 19, Ex. 11.)

Mr. Cunningham challenges his conviction pursuant to 28 U.S.C. § 2254. (Dkt. No. 8.) Magistrate Judge James P. Donohue recommended this Court deny Mr. Cunningham's § 2254 petition and deny a certificate of appealability. (Dkt. No. 22 at 2.) Mr. Cunningham objects to multiple portions of the R&R. (Dkt. No. 23). The Court adopts the R&R's conclusions to which Mr. Cunningham does not object, which are well-reasoned and persuasive. These include: Mr. Cunningham failed to exhaust state court remedies by never adequately alerting the state courts to his federal claim (Dkt. 22 at 6–8); he is now procedurally barred from collaterally attacking his conviction in state court (*id*. at 9–11); and the appellate court did not make an unreasonable determination of the facts under 28 U.S.C. § 2254(d)(2) (*id*. at 14–15). The Court addresses Mr. Cunningham's objections below.

## II. DISCUSSION

A district court reviews *de novo* those portions of an R&R to which a party objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Objections are required to enable the district judge to "focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). General objections, or summaries of arguments previously presented, have the same effect as no objection at all, since the Court's attention is not focused on any specific issues for review. *See United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); *Howard v. Sec'y of Health and Human Svcs.*, 932 F.2d 505, 509 (6th Cir. 1991); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988).

Mr. Cunningham objects to three conclusions of the R&R: (A) that the Washington Appellate Court's decision was not contrary to, or did not involve an unreasonable application of, clearly established federal law (Dkt. No. 23 at 3–5); (B) that an evidentiary hearing is not warranted (*id*. at 5); and (C) that this Court should not issue a certificate of appealability (*id*. at 6). Even when given the most liberal construction, *see Pagayon v. Holder*, 675 F.3d 1182, 1188 (9th Cir. 2011), Mr. Cunningham's objections largely restate arguments made in his petition. Even so, the Court has carefully reviewed all of Mr. Cunningham's objections.

### A. Adequacy of State Court Adjudication

Mr. Cunningham argues that the trial judge improperly coerced the jury by giving a supplemental charge directing the jury to continue deliberations and by remarking that having to excuse a juror later in the day would pose a "dilemma" for the court.[1] (Dkt. No. 23 at 3–5.) Mr. Cunningham alleges that the R&R "does not give full and adequate consideration of the facts that surround petitioner's constitutional claim" and it "fails to give full and complete

---

[1] Even though Mr. Cunningham never objected to the R&R's findings that he failed to exhaust state-court remedies and that the jury-coercion claim is procedurally defaulted, this Court will nevertheless examine Mr. Cunningham's claim regarding the adequacy of the state court proceeding.

consideration of petitioner's claims in light of the state record." (Dkt. No. 23 at 4–5.) These deficiencies, he argues, result in a conclusion that ignores the violation of his right to an impartial jury. (*Id*.) Mr. Cunningham's objection is generalized and fails to identify any specific error within the R&R.

Regardless, the Court agrees with the magistrate judge that the state appellate court properly considered the trial court's charge in light of the surrounding circumstances. (*See* Dkt. No. 22 at 12–14 (discussing *Lowenfield v. Phelps*, 484 U.S. 231 (1988).) As the state court described and was quoted in the R&R:

> Here, the jury did not immediately reach a verdict upon learning of the potential "dilemma" that its failure to reach a verdict by 3:30 p.m. would create. Neither did the jury report a continued stalemate. Instead, the jury did the one thing the court said would cause the "dilemma" and require starting deliberations anew the next day: it reported making progress toward agreement. Further, the jury returned no verdict until it was recomposed with the alternate juror. Cunningham does not suggest the court acted in any way to influence this newly composed jury.

(*Id.* (quoting *State v. Cunningham*, 2011 WL 693699, at *6–7 (Wash. Ct. App. Feb. 28, 2011).) The Court agrees with the well-reasoned conclusion of the R&R, which recognized both the state court's appropriate consideration of Mr. Cunningham's claims and the support for the state court's conclusions in the record as a whole. (Dkt. No. 22 at 13–14.) This Court therefore adopts Judge Donohue's findings that Mr. Cunningham has not shown that the state-court adjudication of the jury coercion claim was contrary to, or an unreasonable application of, federal law.

### B.    Evidentiary Hearing and Appointment of Counsel

Mr. Cunningham argues that an evidentiary hearing should be granted on the jury-coercion claim and that counsel should be appointed. (Dkt. No. 23 at 5.) Yet Mr. Cunningham did not object to the R&R's conclusion that he failed to alert the state courts to the existence of his federal claim and is now procedurally barred from returning to state court to attack his conviction. As review in state court is foreclosed, no factual development could entitle Mr. Cunningham to relief. Even assuming that the claim is not procedurally defaulted, this Court

agrees with the R&R that Mr. Cunningham's substantive claim is a legal claim that is refuted by the record, and Mr. Cunningham gives no indication of what additional evidence could be helpful.

The district courts may appoint counsel for financially eligible persons where "the interests of justice so require." 18 U.S.C. § 3006(a)(2). As Mr. Cunningham's claims are procedurally defaulted, the appointment of counsel would not aid him. This Court agrees with the R&R that the interests of justice do not require the appointment of counsel. (*See* Dkt. No. 22 at 15.)

### C. Certificate of Appealability

Lastly, Mr. Cunningham objects to the R&R's recommendation that this Court deny the petitioner a certificate of appealability. (Dkt. No. 23 at 6 n.2.) Mr. Cunningham's objection merely states the rules guiding the issuance of certificates of appealability. A petitioner seeking a certificate of appealability must demonstrate a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To satisfy this standard, the petitioner must demonstrate either that reasonable jurists could disagree with the district court's treatment of the constitutional claims or "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Judge Donohue concluded, "No jurist of reason could disagree with this Court's determination that, even if the jury-coercion claim was not procedurally defaulted, the state appellate court's adjudication of the issue was reasonable." *Id*. This Court agrees and finds that a certificate of appealability is not warranted.

## III. CONCLUSION

For the foregoing reasons, it is ORDERED that:

(1) The Report and Recommendation is ADOPTED;

(2) Petitioner's habeas petition is DENIED and the petition is DISMISSED with prejudice;

1   (3) Petitioner is DENIED issuance of a certificate of appealability; and

2   (4) The Clerk of Court is directed to send copies of this Order to petitioner and to

3   Magistrate Judge James P. Donohue.

5   DATED this 6th day of December 2013.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE